LETTS, Judge,
concurring specially.
It is made plain from the transcript that the Town of Palm Beach Chamber of Commerce considers itself “unique” and a cut above its West Palm Beach counterpart. On the other hand, it is obvious that the latter has expansionist plans to be the mother chamber for coastal Palm Beach County. This maternal aspiration is best demonstrated by the search for an umbrella title which would suggest a regional rather than a municipal chamber. First, the West Palm Beach chamber renamed itself the chamber for all of Palm Beach *663 County, then, responding to universal protest from the other twelve chambers, opted for the present alternative, admittedly designed to describe itself as representing all the Palm Beaches, (an area it describes as running from Boca Raton to Jupiter). This later option, defended because the chamber has members outside the West Palm Beach municipal limits, is also protested by most of its surrounding rivals who likewise have outside members and are certainly geographically within the territory aspired to by the umbrella.
In my view, it was error for the hearing officer to conclude that there was no “evidence that [the West Palm chamber] ... intended to ... infringe on the names or identities of the other chambers.” Certainly, there was some evidence to that effect. I also disagree with the hearing officer’s finding that there was no evidence of “confusion.” [1]
Notwithstanding my disagreement, the bottom line result is not reversible. In Junior Food Stores of West Florida v. Jr. Food Stores, Inc., 226 So.2d 393 (Fla.1969), our Supreme Court opined that the “customer confusion test” requires not only confusion, but evidence of a diminution in business caused by the misappropriation of the trade name. In the matter before us, the Town of Palm Beach chamber makes no such claim. While it does argue unethical solicitation, and confusion of identity, it does not report loss of membership or curtailment of its activities. Moreover, a chamber of commerce is a service organization not directly engaged in selling merchandise — its members do that. The Town of Palm Beach chamber presented no proof that its members lost business because of the infringement. As the court remarked in Junior Food Stores, supra: “It is not the name which is protected, but the business.” Id. at 397.
Finally, the same controlling Junior Food Stores case cited above impliedly found that the similarity in names in that case was not deceptive, holding only that the identical logo was unreasonable. There is no logo issue before us now and I would be hard put to decide that the names “Palm Beach Chamber of Commerce, Inc.” and “Chamber of Commerce of the Palm Beaches, Inc.” are any more deceiving than “Junior Food Stores of W. Fla.” vis-a-vis “Jr. Food Stores, Inc.”
Mere unsportsmanlike conduct will not, under the law, permit the reversal of an administrative order when there is substantial and competent evidence in the record to support it — albeit that the evidence is in dispute.

. Even the President of the West Palm chamber (also President of the then "Palm Beach” Post) admitted to problems arising from listings in the telephone book.